# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERTO I. LOPEZ**
      **Petitioner,**

    **v.**                                                   **Case No. 17-C-527**

**UNITED STATES OF AMERICA,**
      **Respondent.**

## ORDER

Petitioner Roberto Lopez, a Wisconsin state prisoner, filed this pro se action under 28 U.S.C. § 2255 challenging a sentence imposed in Milwaukee County Circuit Court in 2007. (R. 1 at 1.) On July 20, 2017, the magistrate judge to whom the matter was assigned recommended that this action be dismissed, noting that § 2255 is available to federal prisoners only.[1] (R. 5.) The magistrate judge explained that state prisoners may challenge their sentences by filing a petition under 28 U.S.C. § 2254 and noted that petitioner had indeed (also) filed such an action. Lopez v. Dittmann, Case No. 17-C-528 (E.D. Wis.).[2] The magistrate judge further explained that petitioner could object to the recommendation within 14 days.

On August 2, 2017, petitioner filed a document entitled "brief in support of petitioner's motion not to dismiss petition for a writ of habeas corpus 18 U.S.C. § 242." (R. 6)

---

[1] Petitioner consented to proceed before a magistrate judge (R. 3), but because the respondent had yet not appeared (and thus did not file a consent/refusal form), the magistrate judge could only make a recommendation. See Coleman v. Labor & Indus. Review Comm'n, 860 F.3d 461 (7th Cir. 2017).

[2] That case is pending before the magistrate judge.

Confusingly, the document contains the caption from the § 2254 action (Roberto I. Lopez v. Michael A. Dittmann) but uses the number assigned to this case (17-CV-527). The clerk's office docketed the paper as an objection to the recommendation in Case No. 17-CV-527. Construing the paper liberally, see Frazier v. Varga, 843 F.3d 258, 262 (7th Cir. 2016), I will treat it has such.

The objection argues the merits of petitioner's challenges to his state court conviction and sentence, but it does not address the magistrate judge's conclusion that such claims may not be brought under 28 U.S.C. § 2255. That conclusion is plainly correct. See, e.g., Magwood v. Patterson, 561 U.S. 320, 333 (2010); Williams v. Suffolk Circuit Court, 580 Fed. Appx. 166 (4th Cir. 2014).

**THEREFORE, IT IS ORDERED** that the recommendation (R. 5) is adopted, and this case is **DISMISSED**. The Clerk shall enter judgment accordingly. Because jurists of reason would not debate the correctness of this procedural ruling, see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), I decline to issue a certificate of appealability. See 28 U.S.C. § 2253.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2017.

/s Lynn Adelman
LYNN ADELMAN
District Judge